VOROS, Judge
(concurring in part and concurring in the result in part):
T80 I concur in the majority opinion except as to Part II, in which I coneur in the result only.
{31 I would reject Pham's sufficiency challenge on marshaling grounds. True, our
marshaling rule no longer requires the appellant to present "every serap of competent evidence" supporting the verdict, See State v. Nielsen, 2014 UT 10, ¶ 43,326 P.3d 645. But an appellant still bears the burden of persuasion. Id. $42. And to persuade a court that an injury was not so serious as to satisfy the statutory definition of "serious bodily injury" an appellant must at minimum accurately describe the injury.
{382 Here, Pham argues that Victim did not suffer serious bodily injury without acknowledging all the bodily injury Victim suffered. Pham states that Victim "testified that the bullet struck his leg." In fact, the record shows that the bullet produced three wounds: it entered Victim's body above his penis on the right side, passed through his scrotum on his left side, and lodged in 'his leg. The first two wounds are not mere "scraps" of evidence; they are additional evidence that Victim's injury qualified as serious. "Without acknowledging them, Pham cannot show that the evidence of serious bodily injury fell short. °